IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROLAND KENNEDY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE GLEN MILLS SCHOOL, INC. | : | NO. 10-7450 |

MEMORANDUM

Padova, J.                                                                                                                   November 15, 2011

      Plaintiff brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., alleging that his former employer, Defendant Glen Mills School, Inc., terminated him because of his alcoholism and failed to accommodate his alcoholism. Presently before the Court is Defendant's unopposed Motion for Summary Judgment. For the following reasons, the Motion is granted.

**I.    BACKGROUND**

      Defendant Glen Mills is a school and rehabilitation center for delinquent youngsters located in Delaware County, Pennsylvania. (Josephs Aff. at 1) Defendant operates a residential school, which provides care, rehabilitation, and education to over 600 students, all of whom have been adjudicated delinquent. (Id.) Defendant also operates a "community-based program" overseeing students who live at home, attend regular public schools, and are under court orders to obey curfews and attend classes and other programs. (Id.) A Glen Mills Community Management Services Specialist visits these students daily to monitor compliance with their court orders and to provide them and their families with counseling. (Id.) Community Management Services Specialists use cars provided by Defendant to travel and to transport students to appointments. (Id.)

Plaintiff Roland Kennedy had worked for Defendant for 29 years before he was fired in April 2009. (Id. at 1-2.) Plaintiff worked in different jobs over his 29 years at Glen Mills, was promoted several times and earned regular pay raises. (Josephs Aff. at 2.) Plaintiff's positions at Glen Mills included: night counselor; a.m. teacher; administrative assistant; and court representative. (Kennedy Dep. at 13-14, Josephs Aff. at 1.) Plaintiff's final position with Defendant was as a Community Management Services Specialist. (Josephs Aff. at 1.) As a court representative and Community Management Services Specialist, Plaintiff drove the students he supervised in a van belonging to Glen Mills. (Kennedy Dep. at 27-28.) Defendant permitted him to take the van home after work and he went directly from home to meetings in the van. (Id. at 29.)

On April 10, 2009, Plaintiff drove the school van to a bar after work. (Josephs Aff. at 3.) After drinking brandy at the bar, Plaintiff crashed the school van into a parked car. (Kennedy Dep. at 35-37.) Plaintiff was subsequently charged with and pled guilty to driving under the influence. (Id. at 36.) Plaintiff informed his supervisor Dan O'Neill of the accident and DUI charge by telephone the day after the accident. (Id. at 37-38.) Enrique Josephs, who was then the director of admissions and community-based programs at Glen Mills, called Plaintiff later that same day to discuss the accident. (Id. at 39-40.)

A few days later, Plaintiff attended a meeting in Josephs' office with Josephs, O'Neill, and other Glen Mills employees. (Id. at 43-44.) Plaintiff admitted he had driven the school van while intoxicated, and Josephs terminated him. (Josephs Aff. at 3.) Plaintiff was told he was being terminated to send a message throughout the campus that certain behaviors would not be tolerated. (Kennedy Dep. at 45-46.) Plaintiff did not mention his alcoholism at this meeting. (Josephs Aff. at 3-4.)

2

At the time of Plaintiff's termination, Defendant had a zero tolerance policy that applied to illegal drug use and the use of alcohol while operating a school vehicle. (Id. at 3 n.2.) Defendant has terminated several other employees who used illegal drugs in accordance with this policy, which was instituted in 2007 by Garrison Ipock, the Executive Director of Glen Mills. (Id.)

Following his DUI conviction, Plaintiff participated in Alcoholics Anonymous meetings and a DUI program, as ordered by the court. (Kennedy Dep. at 48.) Over the course of a few weeks, he completed the programs and passed three random alcohol analysis tests. (Id. at 56-57.) He did not drink at all during this time and has not driven intoxicated since the accident. (Id. at 57-58.) Plaintiff has never had any other treatment for alcoholism. (Id. at 48.)

Glen Mills never disciplined Plaintiff for poor job performance while he was employed there. (Josephs Aff. at 2.) No one at Glen Mills was aware that Plaintiff had a drinking problem. (Id.) Josephs in particular had no knowledge that Plaintiff suffered from alcoholism and never observed anything that led him to believe Plaintiff suffered from alcoholism. (Id. at 4.) Plaintiff was never intoxicated at work at Glen Mills, never brought alcohol onto the Glen Mills campus, and never talked to anyone at Glen Mills about having an alcohol problem. (Kennedy Dep. at 21, 58.) Plaintiff only drank alcohol in the presence of someone associated with Glen Mills on one occasion, at a social event that took place off campus. (Id. at 58-59.)

For the past 15 years, including the time he was employed at Glen Mills, Plaintiff has been a full-time employee of the Devereaux Foundation. (Id. at 8.) Prior to becoming a full-time employee at the Devereaux Foundation, Plaintiff worked there part-time for 14 years. (Id. at 7, 9.) Plaintiff was never intoxicated while at work at the Devereaux Foundation. (Id. at 58.)

Plaintiff's Complaint asserts two claims under the ADA. First, Plaintiff alleges he was

terminated because of his alcoholism. Second, he alleges Defendant failed to accommodate his alcoholism. Defendant filed the instant Motion for Summary Judgment seeking an entry of judgment in its favor on both claims. Plaintiff has not filed any response to the Motion.

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court" that "there is an absence of evidence to support the nonmoving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response "must support the assertion [that a fact is genuinely disputed] by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials [that the moving party has cited] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Summary judgment is appropriate if the nonmoving party fails to respond with a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

III.   DISCUSSION

Plaintiff brings two claims against Defendant under the ADA): 1) unlawful termination based on his alcoholism; and 2) failure to accommodate his alcoholism. "The ADA prohibits covered employers from discriminating against disabled individuals" on the basis of their disability. Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 185 (3d Cir. 2010) (citing 42 U.S.C. § 12112(a)); see also 42 U.S.C § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability."). "Under the ADA, an employer discriminates against an employee by not making 'reasonable accommodations to the known physical or mental limitations of the [employee] unless the [employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the [employer].'" Colwell v. Rite Aid Corp., 602 F.3d 495, 504-505 (3d Cir. 2010) (quoting Williams v. Philadelphia Hous. Auth. Police Dep't, 380 F.3d 751, 761 (3d Cir. 2004) (alterations in original)). "To establish a prima facie case of discrimination" in violation of the ADA, "a plaintiff must show (1) that he is disabled within the meaning of the ADA, (2) that he is otherwise qualified for the job, with or without reasonable accommodations, and (3) that he was subjected to an adverse employment decision as a result of discrimination." Sulima, 602 F.3d at 185 (citing Taylor v. Phoenixville Sch. Dist, 184 F.3d 296, 306 (3d Cir. 1999)). Consequently, in order to succeed on his claims that he was fired in violation of the ADA and that Defendant failed to provide him with a reasonable accommodation for his disability, Plaintiff has the burden of establishing that he was disabled as that term is defined by the ADA.

Defendant argues that it is entitled to summary judgment on both of Plaintiff's claims because there is no record evidence that Plaintiff is disabled within the meaning of the ADA. The ADA defines disability in three ways: 1) having "a physical or mental impairment that substantially limits one or

5

more major life activities;" 2) having "a record of such impairment;" or 3) "being regarding as having such an impairment." 42 U.S.C. 12102(1). "[W]hether a person has a disability under the ADA is an individualized inquiry." Sutton v. United Airlines, Inc., 527 U.S. 471, 483 (1999) (superseded by statute on other grounds, ADA Amendments Act of 2008, Pub. L. 110-325, 122 Stat. 3553). "To make that individualized assessment, we must begin by identifying the specific life activity or activities" that are affected by plaintiff's disability, and then "evaluate whether [Plaintiff's] condition 'substantially limits' those activities." Taylor, 184 F.3d at 306-07. See Colwell, 602 F.3d at 501 ("'[T]o establish a statutorily protected disability, the employee must show that she has an impairment; identify the life activity that she claims is limited by the impairment; and prove that the limitation is substantial.'" (quoting Fiscus v. Wal-Mart Stores, Inc., 385 F.3d 378, 382 (3d Cir. 2004))).

      The Complaint alleges that Plaintiff suffers from alcoholism (Compl. ¶ 5), yet Plaintiff has not identified a single life activity that has been limited, substantially or otherwise, due to this condition. Furthermore, there is nothing in the record to suggest that Plaintiff's alcoholism has limited any of Plaintiff's life activities. To the contrary, the evidence is that Plaintiff held down two full time jobs for over a decade prior to the accident and that he was never intoxicated at either job. (Kennedy Dep. at 8, 21, 58.) Moreover, the undisputed evidence reflects that Glen Mills promoted him several times and gave him regular pay raises. (Josephs Aff. at 2.) Finally, it is undisputed that Plaintiff successfully completed the alcohol abuse program ordered by the state court following his drunk driving conviction, abstained from drinking for several weeks while in the program, and has not driven drunk since the accident with the Glen Mills vehicle. (Id. at 46, 56-58.) Accordingly, there is no evidence on the record from which a reasonable factfinder could conclude that any of Plaintiff's major life activities have been affected by alcoholism.

There is also nothing in the record to suggest that Plaintiff had a record of a disability or was regarded as having a disability. Indeed, the record evidence shows that the first time anyone at Glen Mills believed, or had any reason to believe, that Plaintiff had a disability was after he was fired. (Josephs Aff. at 2.) Therefore, the record does not support a finding that Defendant "regarded" Plaintiff as having a disability. See Rimeheimer v. Cemcolift, Inc., 292 F.3d 375, 381-82 (3d Cir. 2002).

We conclude, accordingly, that there is no evidence on the record before us that Plaintiff had a disability as defined by the ADA. Because Plaintiff bears the burden of proof at trial to establish that he has a qualifying disability, see Sulima, 602 F.3d at 185, we conclude that Defendant met its initial Celotex burden with respect to both of Plaintiff's claims. Because Plaintiff has failed to "respond with a factual showing sufficient to establish" at trial that he is disabled under the ADA, we further conclude that Defendant is entitled to the entry of judgment as a matter of law in its favor on both of Plaintiff's claims.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted and judgment is entered in Defendant's favor and against Plaintiff on all claims. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.